

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DONALD BLACK, MARCIA BLACK, LARRY MARTIN, REBECCA MARTIN, BARBARA THOMPSON, and JAMES THOMPSON, *for themselves and a class of similarly situated plaintiffs*, Plaintiffs, vs. MANTEI & ASSOCIATES, RICKEY ALAN MANTEI, CINDY CHIELLINI, CENTAURUS FINANCIAL, INC., and J.P. TURNER & CO., LLC, Defendants. | § § § § § § § § § § § § § § § § | Civil Action No.: 3:19-02097-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS MOTION TO REMAND
AND FOR ATTORNEY FEES**

**I.  INTRODUCTION**

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated plaintiffs, (collectively, Plaintiffs) brought this action for various South Carolina state law claims. Defendants Mantei & Associates, Rickey Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Company, LLC (collectively Defendants) removed the action to federal court under 15 U.S.C. § 78bb(f)(2).

Pending before the Court is Plaintiffs' motion to remand the action to state court and for attorney fees. Having carefully considered Plaintiffs' motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motion to remand and for attorney fees will be denied.

## II.  PROCEDURAL HISTORY

Plaintiff brought this action in the Lexington County Court of Common Pleas. Plaintiffs allege Defendants "advertised and sold illiquid debt instruments to unsophisticated investors." Complaint ¶ 4. More specifically, Plaintiffs allege the suit involves "products includ[ing] structured certificates of deposit . . ., principal protected notes . . . , and 'medium term' corporate bonds, all of which shared the same characteristics that Defendants willfully misrepresented and/or concealed from Named Plaintiffs and other Class Members." *Id.* Plaintiffs, in the complaint, further assert:

> All of the [products included in the suit] were debt securities exempt from registration pursuant to rules issued by the Securities and Exchange Commission under the Securities Act of 1933, [which] were not issued by investment companies registered under or which have filed registration statements under the Investment Company Act of 1940, and/or [which] otherwise did not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 [(SLUSA)].

*Id.* ¶ 5. Importantly, neither the definition, nor any other portion of the complaint, identifies specific products subject to the suit.

Defendants removed the action to federal court based on 15 U.S.C. § 78bb(f)(2). Plaintiffs filed a motion to remand the action to state court and to collect attorney fees. Defendants responded and Plaintiffs replied. The court, having been fully briefed on the relevant issues, is prepared to adjudicate Plaintiffs' motion.

2

## III. STANDARDS OF REVIEW

### A. Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under federal question jurisdiction, the well-plead compliant rule applies. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires "a federal question [be] presented on the face of the plaintiff's properly pleaded complaint." *Id.* This means a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

A notable exception to the well-plead compliant rule is where there is complete preemption of the claim under federal law. *Id.* at 393. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

### B. Attorney fees

Fees and costs are appropriate for a remand motion "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## IV. DISCUSSION AND ANALYSIS

### A. *Whether the action should be remanded to state court*

Congress, through SLUSA, manifested complete preemption for any state law class actions claims over certain securities cases. 15 U.S.C. § 78bb(f)(2). SLUSA preempts a claim if four elements are met: 1) "the action is a covered class action," 2) "the action purports to be based on state law," 3) "the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance)," and 4) the conduct described in element three is done "in connection with the purchase or sale of a covered security." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Plaintiffs filed a covered class action, utilizing South Carolina state law claims, meeting the first two elements of SLUSA. *See* 15 U.S.C. § 78bb(f)(5)(B) (defining a covered class action as any lawsuit in which one or more named parties seek damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those person or members of the prospective class predominate over any questions affecting only individual persons or members).

Plaintiffs allege misrepresentations, omissions of material fact, or the use of a manipulative or deceptive device in each of their causes of action. Complaint ¶¶ 107, 115, 119, 124, 129. These satisfy the third element under SLUSA. The fourth element, requiring the securities be "in connection with . . . a covered security," is disputed to the extent the sued-upon securities are purportedly not covered securities.

Under SLUSA, "covered security" means any "security that satisfies the standards for a covered security specified in paragraphs (1) or (2) of section 18(b) of the Securities Act of 1933." *Id.* § 78bb(f)(5)(E). Accordingly, SLUSA applies to "a security designated as qualified for trading

4

in the national market system," "a security of the same issuer that is equal in seniority or that is a senior security to a security [qualified for trading in the national market system]," or "a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(1)–(2).

As the Court noted above, in paragraph five of the complaint, Plaintiffs state:

> All of the [products included in the suit] were debt securities exempt from registration pursuant to rules issued by the Securities and Exchange Commission under the Securities Act of 1933, [which] were not issued by investment companies registered under or which have filed registration statements under the Investment Company Act of 1940, and/or [which] otherwise did not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 [(SLUSA)].

Complaint ¶ 5.

Plaintiffs argue the qualification in paragraph five removes any applicability of SLUSA to the complaint. Importantly, the language of the paragraph makes a legal assertion— "the [products included in the suit] were debt securities exempt from [SLUSA]." *Id.* But, the complaint fails to identify with any specificity which security offerings Defendants sold to Plaintiffs are the subject of the suit. Thus, the broad definition of the products included in the suit requires the Court to look at all potential applicable products sold to Plaintiffs.

The Supreme Court has endorsed a broad reading of SLUSA. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006) ("The presumption that Congress envisioned a broad construction follows not only from ordinary principles of statutory construction but also from the particular concerns that culminated in SLUSA's enactment."). It follows courts "must look to[ ]the substance of a complaint's allegations in applying SLUSA" and "a claimant does not have the broader authority to disclaim the applicability of SLUSA to a complaint." *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305 (6th Cir. 2009).

5

Notwithstanding Plaintiffs' assertion the securities in question are excluded securities, the complaint defines one category of included products as debt instruments "with an interest rate that was subject to fluctuations prior to maturity, which could decrease to zero based on market variables, and which has or had a maturity period greater than 10 years." Complaint ¶ 95. Defendants identified four examples of instruments fitting this definition, which had been sold to Plaintiffs and would also fit under the definition of a covered security. *See* Leahy Declaration ¶¶ 3-6. Each debt instrument was "equal or senior in seniority than the common stock" of the offeree, traded on the New York Stock exchange, and, therefore, a covered security. *Id.* at 3; *see also* 15 U.S.C. § 77r(b)(1) (defining a covered security as one equal or greater in security to a security traded on a national market). Accordingly, SLUSA preemption applies inasmuch as the four elements described above are met. As such, federal jurisdiction is present and this case is unsuited for remand.

### B. *Whether Plaintiffs should be awarded attorney fees*

Because Defendants' prevailed and the case remains in federal court, Defendants obviously had an "objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). There is, thus, no basis for Plaintiffs' request for attorney fees.

### VI. CONCLUSION

For the reasons stated above, it is the judgment of the Court Plaintiffs' motion to remand and for attorney fees is **DENIED** and Defendants' motion for a hearing on the motion is **MOOT**.

**IT IS SO ORDERED.**

Signed this 10th day of October 2019 in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE