

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONALD BLACK, MARCIA BLACK, LARRY MARTIN, REBECCA MARTIN, BARBARA THOMPSON, and JAMES THOMPSON, *for themselves and a class of similarly situated plaintiffs*,<br>Plaintiffs,<br><br>vs.<br><br>MANTEI & ASSOCIATES, LTD., RICKEY ALAN MANTEI, CINDY CHIELLINI, CENTAURUS FINANCIAL, INC., and J.P. TURNER & CO., LLC,<br>Defendants. | Civil Action No.: 3:19-02097-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

**I.     INTRODUCTION**

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated plaintiffs, (collectively, Plaintiffs) brought this action for various South Carolina state law claims in the Lexington County Court of Common Pleas. Defendants Mantei & Associates, Rickey Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Company, LLC (collectively, Defendants) removed the action to federal court under 15 U.S.C. § 78bb(f)(2).

Pending before the Court is Plaintiffs' motion to remand. Having carefully considered Plaintiffs' motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motion will be granted.

**II.     PROCEDURAL HISTORY**

Plaintiff brought this action in the Lexington County Court of Common Pleas. Plaintiffs originally alleged Defendants "advertised and sold illiquid debt instruments to unsophisticated investors." Complaint ¶ 4. More specifically, Plaintiffs alleged the suit involves "products includ[ing] structured certificates of deposit . . ., principal protected notes . . . , and 'medium term' corporate bonds, all of which shared the same characteristics Defendants willfully misrepresented and/or concealed from Named Plaintiffs and other Class Members." *Id*. Plaintiffs further asserted in paragraph five of the complaint:

> All of the [products included in the suit] were debt securities exempt from registration pursuant to rules issued by the Securities and Exchange Commission under the Securities Act of 1933, [which] were not issued by investment companies registered under or which have filed registration statements under the Investment Company Act of 1940, and/or [which] otherwise did not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 [(SLUSA)].

*Id.* ¶ 5. Importantly, neither the definition, nor any other portion of the complaint, identified specific products subject to the suit. Instead they provided merely a description of the products potentially applicable under the suit, without identifying specific products.

As the Court noted, Defendants removed the action to federal court based on 15 U.S.C. § 78bb(f)(2). According to that statute, "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending." *Id.*

2

Thereafter, Plaintiffs filed a motion to remand the action to state court, which the Court denied because the original complaint implicated SLUSA and thus presented a federal question.

Subsequently, Plaintiffs filed a motion to amend their complaint, which the Court granted. The First Amended Complaint (FAC) makes two relevant changes from the original complaint. First, it modifies paragraph five, adding: "The Named Plaintiffs hereby expressly exclude any . . . [p]roducts that otherwise meet the definition of a covered security from this action." FAC ¶ 5.

Second, Plaintiffs likewise limit the class definition to individuals sold "a debt instrument . . . that is not a 'covered security' under SLUSA." *Id.* ¶ 95. Stated differently, these changes exclude from the suit any product determined by a court during the course of the litigation to be a covered security, rather than declaring from the start the products meeting the other parameters of the suit fail to meet the requirements of a covered security.

Plaintiffs filed their amended complaint and filed a new motion for remand. Defendants responded and Plaintiffs replied. The Court is now ready to rule on the pending motion.

### III.    STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under federal question jurisdiction, the well-plead compliant rule applies. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires

3

"a federal question [be] presented on the face of the plaintiff's properly pleaded complaint." *Id.* This means a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

**IV.    DISCUSSION AND ANALYSIS**

Plaintiffs move to remand the case, arguing the FAC eliminates any SLUSA applicability and presents only state-law claims. They present two distinct arguments. First, they assert the changes made in the FAC mean the case no longer presents any federal questions, making SLUSA inapplicable and requiring remand. Second, they argue even if remand is not required, the Court should decline to exercise supplemental jurisdiction over the FAC, since all federal claims have been removed.

The Court identifies three analytical steps to address Plaintiffs motion. First, it must determine whether the FAC still implicates SLUSA.

### A.    *Whether the FAC still implicates SLUSA*

Plaintiffs assert the FAC removes any SLUSA implication, thus removing any federal questions. As discussed in the Court's October 10, 2019 order, Congress, through SLUSA, manifested complete preemption over state law class actions claims regarding covered securities. 15 U.S.C. § 78bb(f)(2). When federal law creates a strong enough federal interest in the area of law, complete preemption has the effect of transforming a state-law "claim [in that area] into one arising under federal law." *In re Blackwater Sec. Consulting, Inc.*, 460 F.3d 576, 584 (4th Cir. 2006).

SLUSA preempts a state claim if four elements are met: 1) "the action is a covered class action," 2) "the action purports to be based on state law," 3) "the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or

4

deceptive device or contrivance)," and 4) the conduct described in element three is done "in connection with the purchase or sale of a covered security." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

A covered security is any security meeting certain requirements under "the Securities Act of 1933," but excluding "any debt security that is exempt from registration under the Securities Act of 1933." 15 U.S.C. § 78bb(f)(5)(E). A covered class action is a single lawsuit seeking damages "on behalf of 50 or more persons" in which questions of law or fact common to all plaintiffs predominate over questions related to individual plaintiffs, or in which a named party seeks to recover damages on a representative basis." *Id.* § 75bb(f)(5)(B).

The Court now turns to the new language in the FAC, excluding from the suit any product deemed a covered security under SLUSA. The two relevant language changes affect only the fourth element. Because the Court determined in its October 10, 2019 order the first three elements were satisfied, it need not repeat that discussion here.

As noted above, the FAC changed the complaint to, "expressly exclude any . . . [p]roducts [from the suit] that otherwise meet the definition of a covered security from this action." FAC ¶ 5.

The new language makes key changes, addressing the Court's concern from its previous order. First, the new language explicitly excludes all covered securities, unlike in the original complaint, which relied on Plaintiff's assertion that included securities were not covered securities. Now, it is clear from the plain language of the complaint, if a product is a covered security, it is automatically excluded from the lawsuit completely.

Second, and relatedly, it removes any potential federal implication from the FAC. Under the original complaint, a product meeting the requirements of Paragraph four of that complaint would be a part of the suit, even if it met the requirements for a covered security, despite Plaintiff's

5

assurances no products were covered securities. This is because the exclusion of covered securities was an assertion, rather than a definitional requirement for a product to be relevant. Any such products would be subject to dismissal, but the complaint would, at this stage, include such products. By contrast, the FAC fails to implicate any federal questions, as the sued-upon products are definitionally not covered securities.

Stated differently, even at this stage of the litigation, the FAC eliminates the possibility the suit will ever implicate a covered security, rather than requiring claims related to covered securities later be dismissed from the suit. This nuanced distinction from the original complaint is determinative. All purportedly fraudulent acts sued upon and their associated products, under the FAC, fail the fourth criteria of SLUSA preemption inasmuch as they have no "connection with the purchase or sale of a covered security," *Green*, 279 F.3d at 596, and therefore no federal question remains.

Importantly, a state court is "an equally competent body . . . to make the preclusion determination" under SLUSA. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 645 (2006). Thus, the fact a court might need to make later preclusion determinations on individual products associated with the purportedly fraudulent acts is insufficient to create a federal question. Plaintiffs, thus, are correct; SLUSA no longer applies to the case.

### B. *Whether the Court is required to remand the case*

Having determined no federal questions remain in the FAC, the Court must examine whether it has subject matter jurisdiction to hear the case moving forward. A court's subject matter jurisdiction is determined by the original complaint. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (stating a district court is vested with subject matter jurisdiction over a case based on the original complaint). Importantly, "subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint." *Harless v. CSX*

*Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004)   Thus, because the Court previously determined the original complaint implicated federal questions, it retains subject matter jurisdiction over this complaint.

### C. Whether the Court should exercise supplemental jurisdiction over the remaining state law claims

Although the Court retains jurisdiction based on the original complaint, it must decide whether to decline to exercise its supplemental jurisdiction once it has decided the federal claims. *See id.* at 447-51 (declining to exercise supplemental jurisdiction and granting a motion to remand after an amendment to the complaint removed any federal claims).  Because the case can be remanded, the Court must now perform a supplemental jurisdiction analysis.

Essentially, once the complaint is amended to remove all federal questions, the Court is left with a discretionary decision whether to exercise supplemental jurisdiction. *See id.* (upholding a district court's discretionary declination of supplemental jurisdiction after an amendment to the complaint removed all outstanding federal questions). A district court "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.*

The factors for supplemental jurisdiction weigh against the Court exercising supplemental jurisdiction in this case.  Because this case still is in its infancy, there are no arguments for convenience or judicial economy present.  Further, there is nothing inherently unfair to the parties in remanding a case at such an early stage of litigation.  Finally, as addressed above, the mere fact

7

a state court will make determinations of preclusion, fails to implicate a federal policy requiring this Court to retain jurisdiction.

Accordingly, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims.

## VI.    CONCLUSION

For the reasons stated above, it is the judgment of the Court Plaintiffs' motion for remand is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 31st day of July 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
